# Exhibit A

19CV03069
Div11

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | | |
|---|---|---|
| **PAUL NAGER** | ) | |
| | ) | |
| **and** | ) | |
| | ) | **Case No.** |
| **DEBBIE NAGER,** | ) | |
| | ) | **Div. No.** |
| **Plaintiffs,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **v.** | ) | |
| | ) | |
| **TESLA MOTORS, INC.** | ) | |
| **Serve RA: The Corporation Company,** | ) | |
| **Inc.** | ) | |
| **112 S.W. 7th Street, Suite 3C** | ) | |
| **Topeka, KS 66603** | ) | |
| | ) | |
| **Defendant.** | ) | |

### PETITION FOR DAMAGES

COME NOW, Plaintiffs Paul Nager and Debbie Nager, by and through their undersigned counsel, state and allege as follows:

### NATURE OF THE CASE

1.     Plaintiffs Paul Nager ("Paul") and Debbie Nager ("Debbie") are spouses that were in search of a new Tesla Model S. Plaintiffs reached out to Brad Banowetz who had helped them purchase Tesla vehicles on a prior occasion.

2.     Defendant portrayed the Tesla Model S as a new vehicle with no damage.

3.     Unfortunately, the new Tesla Model S was damaged before being delivered to Paul and Debbie.

4.     Upon information and belief, the Tesla Model S was damaged while en route to be delivered to Paul and Debbie in Kansas City.

5.      Instead of properly disclosing the damage to the new Tesla Model S, Tesla *deliberately concealed it* from Paul and Debbie by repairing the damage with shoddy workmanship.

## PARTIES

6.      Plaintiffs Paul Nager and Debbie Nager are Kansas residents and consumers who purchased the Tesla Model S.

7.      Defendant Tesla Motors, Inc. ("Tesla") is a Delaware corporation with its principal place of business in California. Tesla can be served by serving its registered agent, The Corporation Company, Inc., at 112 S.W. 7th Street, Suite 3C, Topeka, KS 66603.

## JURISDICTION AND VENUE

8.      Jurisdiction is proper in Johnson County, Kansas pursuant to K.S.A. § 50-638(a) as Plaintiffs are residents of Johnson County, Kansas, and the defendant was engaged in consumer transactions in the state of Kansas.

9.      Venue is proper in Johnson County, Kansas pursuant to K.S.A. § 50-638(b) as the acts or practices that are alleged to be a violation of the Kansas Consumer Protection Act occurred in Johnson County, Kansas.

## FACTS COMMON TO ALL COUNTS

10.     Paul Nager and Debbie Nager were in the market for a new Tesla Model S.

11.     Plaintiffs point of contact at Tesla for the sale was Brad Banowetz, based in St. Louis, Missouri.

12.     Plaintiffs had dealt with Mr. Banowetz previously when they purchased their Tesla Model X.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

13.     On or about December 14, 2018, Plaintiffs purchased a Tesla Model S 100D, VIN # 5YJSA1E2XJF254162 ("the Model S").

14.     According to the purchase agreements, the Model S was a new vehicle with 50 miles on it.

15.     Plaintiffs purchased the Model S for personal, family, and/or household purposes. Specifically, Plaintiffs purchased the Model S to be Plaintiff Paul Nager's daily vehicle.

16.     Pursuant to the Bill of Sale, the cash price of the Model S was $105,176.71.

17.     Plaintiffs traded in their 2017 Tesla Model X, for a trade-in allowance of $69,500.

18.     Additionally, Plaintiffs paid $2,500.00 as a cash down payment.

19.     Plaintiffs paid for the remaining balance via cash.

20.     Plaintiffs knew the Model S was being shipped to Kansas City from the Chicago area.

21.     Plaintiffs were promised delivery of the Model S within four days.

22.     After four days, the Model S had not arrived, and Tesla employees told Plaintiffs (vaguely) that something had happened in Chicago which was causing delays in the delivery.

23.     On or about the night of December 19, 2018, Tesla delivered the Model S to Plaintiffs.

24.     Due to the winter months, Plaintiffs placed the Model S into storage and drove the Model S only sparingly during these winter months.

25.     In late March or early April 2019, as the weather was beginning to improve, Plaintiffs took the Model S out of storage and had the vehicle detailed and clear coat applied.

26.     The person performing the detailing and applying the clear coat informed Plaintiffs that the Model S had been damaged.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

27.     Thereafter, Plaintiffs had the Model S inspected on or about April 4, 2019 by David Cowan of Wreck Check of KC, LLC.

28.     That inspection found several instances of paint overspray and other indications that some parts, including the rear bumper cover, had been previously repaired.  That inspection also determined that the paint thickness on the right (passenger) side of the vehicle was two-to-three times as thick as that on the left (driver) side of the vehicle.

29.     Upon information and belief, the Model S was in some sort of accident which Defendant repaired before delivery without notifying Plaintiffs who owned the vehicle at the time.

30.     After the inspection, Plaintiffs contacted Mr. Banowetz, and Mr. Banowetz told them the Model S had sustained a "little bit of damage" in getting to Kansas City.

31.     Had Plaintiffs known about the damage, they would not have continued with their purchase of the Model S.

32.     Other than through the honesty of a Tesla employee providing reasons for the delay and shoddy repairs, there was no way for Plaintiffs to learn of the damage until it was inspected by a professional.

33.     On or about April 18, 2019, a report was pulled from CarFax for the Model S, and it reports no accidents or damage to the vehicle.

34.     In the past, Plaintiffs have referred numerous people to Tesla, with at least three of the referrals purchasing new vehicles from Tesla.

35.     Under Tesla's prior referral program, those referrals entitled Plaintiffs to a free wall connector and free 21" Arachnid Wheels.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

36.     While the 21" Arachnid Wheels have been delivered, the wall connector has still not been delivered to Plaintiffs.

37.     On or about May 13, 2019, Plaintiffs sent Tesla their *Nelson v. Miller* letter.

38.     This *Nelson v. Miller* letter notified Defendant of Plaintiffs' revocation of acceptance pursuant to K.S.A. 84-2-608.

39.     Tesla responded to Plaintiffs' *Nelson v. Miller* letter, making a settlement counter-off but not disputing any of the facts contained in the Plaintiffs' *Nelson v. Miller* letter.

40.     Tesla also offered to take the Model S as a trade-in and sell Plaintiffs a new/different vehicle.  Tesla told Plaintiffs that if they took this option, the Model S would be worth only $66,700.00 as a trade-in.

41.     Tesla did not, however, tell Plaintiffs where or how they could return the Model S to Tesla—despite the fact that Plaintiffs' *Nelson v. Miller* letter had expressly revoked acceptance.

42.     Thus, on June 6, 2019, Plaintiffs sent Tesla another letter.  The sole purpose and discussion in this letter was revocation of acceptance, asking Tesla to tell Plaintiffs where and when to return the Model S to Tesla.

43.     After sending that letter of revocation of acceptance to Tesla, Plaintiffs took a different vehicle out of storage to be Plaintiff Paul's daily driver.  The use of that vehicle is causing its value to depreciate through use.

<u>**COUNT ONE:**</u>
**VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT**
Defendant Tesla Motors, Inc.

44.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

45.     The Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 *et seq.*, prohibits deceptive and unconscionable acts and practices in connection with consumer transactions.

46.     Plaintiffs have been damaged and are "aggrieved" pursuant to the KCPA as a result of the defendant's conduct.

47.     The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable acts and/or practices. K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 777, 234, 152 P.3d 60, 67 (2007).

48.     Paul and Debbie are "consumer[(s)]" as defined by K.S.A. § 50-624(b).

49.     As "consumer[(s)]", under the KCPA, Plaintiffs, by definition, have and had less bargaining power than Tesla, a large national seller of electric automobiles.

50.     Tesla is a "supplier" as defined by K.S.A. § 50-624(1).

51.     Plaintiffs purchase of the Model S was a "consumer transaction" as defined by K.S.A. § 50-624(c).

52.     Tesla's violations of K.S.A. § 50-626, Deceptive Acts and Practices, include, but are not limited to, the following:

    a.  Falsely representing, knowingly or with reason to know, that the Model S had sponsorship, approval, accessories, characteristics, ingredients, uses, benefits, and/or quantities that it did not have, in violation of K.S.A. § 50-626(b)(1)(A);

    b.  Falsely representing, knowingly or with reason to know, that the Model S was new when it had been deteriorated, altered, reconditioned, repossessed, and/or otherwise used to an extent that it materially differed from that representation, in violation of K.S.A. § 50-626(b)(1)(C);

c.  Falsely representing, knowingly or with reason to know, that the Model S was of a particular standard, quality, grade, style and/or model when it materially differed from that representation, in violation of K.S.A. § 50-626(b)(1)(D);

d.  Falsely representing, knowingly or with reason to know, that the Model S had uses, benefits, and/or characteristics, when Tesla had no reasonable basis for making such representation(s), in violation of K.S.A. § 50-626(b)(1)(F);

e.  Willfully using, in any oral and/or written representation, an exaggeration, falsehood, innuendo, and/or ambiguity as to a material fact, in violation of K.S.A. § 50-626(b)(2);

f.  Willfully failing to state the material fact that the Model S had damage and/or willfully concealing, suppressing, and/or omitting this material fact, in violation of K.S.A. § 50-626(b)(3);

g.  Failing to inform Plaintiffs that the Model S had previously been damaged, in violation of K.S.A. § 50-626(a); and,

h.  Engaging in a pattern of conduct which, when taken in its totality, is and was deceptive, in violation of K.S.A. § 50-626(a).

53.  Tesla's violations of K.S.A. § 50-627, Unconscionable Acts and Practices, include, but are not limited to, the following:

a.  Taking advantage of Plaintiffs' inability to reasonably protect their interests because of their ignorance of the law, in violation of K.S.A. § 50-627(b)(1);

b.  Taking advantage of Plaintiffs' inability to reasonably protect their interest because of their ignorance of the material fact that the Model S was a damaged vehicle, in violation of K.S.A. § 50-627(b)(1);

7

    c.   Entering into a consumer transaction in which the price grossly exceeded the price at which similar property was readily obtainable in similar transactions by similar consumers, in violation of K.S.A. § 50-627(b)(2);

    d.   Inducing Plaintiffs into a consumer transaction which was excessively onesided in favor of Tesla, in violation of K.S.A. § 50-627(b)(5); and,

    e.   Engaging in a pattern of conduct which, when taken in its totality, is and was unconscionable, in violation of K.S.A. § 50-627(a).

54.    Tesla's conduct directly and proximately caused Plaintiffs' damages.

55.    Pursuant to K.S.A. § 50-634(d)(1), Plaintiffs are entitled to recover damages for violations that are "specifically proscribed in K.S.A. §§ 50-626, 50-627, and 50-639."

56.    Specifically, Plaintiffs are entitled to recover financial damages including the sum-certain cash down payment of $2,500.00, the sum-certain cash equivalent of their trade-in ($69,500.00), the sum-certain payment on the Model S in the amount of $33,176.71, the cost of detailing the car and applying clear coat ($1,600.00), the vehicle registration fees paid by Plaintiffs ($12.00), and the cost of Mr. Cowan's inspection ($600.00).

57.    Plaintiffs' actual damages also include their garden variety emotion distress.

58.    Plaintiffs are also entitled to recover civil penalties in the amount of $10,000.00 *for each violation*.

59.    Plaintiffs are further entitled to recover their costs and reasonable attorneys' fees by K.S.A. § 50-634(e).

WHEREFORE, Plaintiff prays for judgment against Tesla in such amount as is allowable by law and to be determined at trial, for their actual damages, civil penalties, pre- and post-judgment

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

interest at the greatest rate allowed by statute, for their costs and reasonable attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.

## COUNT TWO:
## FRAUD/FRAUD BY SILENCE
Defendant Tesla Motors, Inc.

60.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

61.     Tesla knew, before the delivery of the Model S to Plaintiffs, that the Model S was a damaged vehicle.

62.     At the time of the delivery, Plaintiffs did not know that the Model S was a damaged vehicle.

63.     Because Tesla had not told Plaintiffs that the Model S was a damaged vehicle, Tesla knew that Plaintiffs did not know that the Model S was a damaged vehicle.

64.     A reasonable person would find the fact that the Model S was a damaged vehicle important in deciding whether to purchase the Model S and/or in negotiating the sale price.

65.     The fact that Tesla did not disclose the fact that the Model S was a damaged vehicle to Plaintiffs shows that it knew a reasonable person would find this fact important.

66.     Therefore, Tesla had a duty to disclose the fact that the Model S was a damaged vehicle to Plaintiffs before the time of delivery.

67.     Tesla made the informed, intentional decision *not* to disclose to Plaintiffs that the Model S was a damaged vehicle before the time of delivery.

68.     Because there was no way for Plaintiffs to discover that the Model S was a damaged vehicle before the time of delivery, their reliance on Tesla to communicate such facts is and was reasonable.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

69.     As a direct and proximate result of Tesla's failure to disclose that the Model S was a damaged vehicle before the time of delivery, Plaintiffs have sustained damages.

70.     Plaintiffs' damages include the falsely inflated sale price and emotional distress.

71.     Tesla's conduct, as described herein, was intentional, willful, wanton, reckless, fraudulent, and/or with malice.

WHEREFORE, Plaintiffs pray for judgment against Tesla in such amount as is allowable by law and to be determined at trial, for their actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

## COUNT THREE:
### NEGLIGENCE
Defendant Tesla Motors, Inc.

72.     Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

73.     Tesla owed Plaintiffs a duty to exercise reasonable care and due diligence.

74.     Tesla knew, at the time of delivery, that the Model S was a damaged vehicle.

75.     Tesla knew, or should have known, that Plaintiffs did not, at the time of delivery, know that the Model S was a damaged vehicle.

76.     Tesla therefore knew, or should have known, that Plaintiffs believed the Model S was *not* a damaged vehicle.

77.     Tesla knew, or should have known, that Plaintiffs would not have paid $105,176.71 for a Model S that was damaged.

78.     Therefore, Tesla knew, or should have known, that Plaintiffs were entering into the sale based upon a mistake of material fact.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

79.    Tesla therefore had a duty to disclose that the Model S was a damaged vehicle.

80.    Tesla breached this duty by failing to disclose that the Model S was a damaged vehicle.

81.    As a direct and proximate result of Tesla's breach, Plaintiffs have been damaged.

82.    Plaintiffs' damages in this case include, but are not limited to, the sum-certain cash down payment of $2,500.00, the sum-certain cash equivalent of their trade-in ($69,500), the sum-certain payment on the Model S in the amount of $33,176.71, the cost of detailing the car and applying clear coat ($1,600.00), the vehicle registration fees paid by Plaintiffs ($12.00), and the cost of Mr. Crowan's inspection ($600.00).

83.    Plaintiffs' damages also include their garden variety emotional distress.

84.    Tesla's conduct as described herein was grossly negligent, intentional, willful, wanton, reckless, fraudulent, and malicious.

WHEREFORE, Plaintiffs pray for judgment against Tesla in such amount as is allowable by law and to be determined at trial, for his actual damages, pre- and post-judgment interest at the greatest rate allowed by statute, and for such other and further relief as may be just and proper under the circumstances.

## COUNT FOUR:
### UNJUST ENRICHMENT/REVOCATION OF ACCEPTANCE
Defendant Tesla Motors, Inc.

85.    Plaintiff incorporates by reference all facts and allegations contained in the foregoing paragraphs as though fully laid out herein.

86.    On May 13, 2019, Plaintiffs revoked their acceptance of their purchase of the Model S and asked Tesla to return the money they had paid for it.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

87.     To date, Tesla has refused to return Plaintiffs' money.  Accordingly, Plaintiffs have conferred a measurable benefit on Defendant by paying Tesla approximately $105,176.71. Because Plaintiffs' revocation was justified, Tesla's retention of this money is wrongful.

88.     Defendant realized and appreciated the benefit it received as it maintains possession of the $105,176.71.

89.     Retention of such revenues under these circumstances is unjust and inequitable.

90.     Plaintiffs are entitled to a return of the $105,176.71.

91.     Pursuant to *Johnson v. General Motors Corp., Chevrolet Motor Division*, 233 Kan. 1044 (1983), Plaintiffs are also entitled to—and expressly seek—pre-judgment interest on this amount running at the statutory rate beginning on May 13, 2019, the day they revoked acceptance.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in their favor and against Defendant for their actual damages, pre- and post-judgment interest at the maximum legal rate, and any such other relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

92.     Plaintiff hereby demands a jury trial on all issues so triable.

*Clerk of the District Court, Johnson County Kansas*
*06/10/19  12:54pm IM*

Respectfully submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell          KS#20866
Mark W. Schmitz     KS#27538
Bell Law, LLC
2600 Grand Blvd., Suite 580
Kansas City, MO 64108
T: 816-886-8206
F: 816-817-8500
Bryce@BellLawKC.com
MS@BellLawKC.com
*Attorneys for Plaintiffs*

13